# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

    Plaintiff,

v.

    Case No. 3:15-cr-00046(VAB)
    Hon. Victor A. Bolden

D-1 BRIAN MOORE

    Defendant.

---

| | |
|---|---|
| **GABRIEL J. VIDONI** <br> Assistant United States Attorney <br> 450 Main Street <br> Hartford, Connecticut 06103 <br> (860) 760-7949 | **JUDITH S. GRACEY (phv07372)** <br> Attorney for Defendant <br> 31700 W. Thirteen Mile Road, Suite 200 <br> Farmington Hills, Michigan 48334 <br> (248) 702-6670 <br> (248) 702-6673 (fax) |

---

## DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the Defendant, BRIAN MOORE, by and through his attorney, JUDITH S. GRACEY, and hereby submits this memorandum regarding his sentencing scheduled for November 23, 2015. The first part of the memorandum details the law regarding deviating downward in the Sentencing Guidelines for Defendant's conviction. The second part addresses mitigating factors that Defendant requests that this Court take into consideration prior to his sentencing.

Defendant was charged in the Indictment with one count of Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and one count of Interference with Commerce by Robbery and Aiding and Abetting, in violation of 18 U.S.C. § 1951(a). Defendant pled guilty to Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (a) and 2, of the Indictment. On August 31, 2015, Defendant, BRIAN MOORE, pled guilty to Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (a) and 2, of the Indictment and accepted the Rule 11 Plea Agreement in the United States District Court at Bridgeport, Connecticut, before the Honorable Judge Victor Allen Bolden.

The Presentence Report (PSR) indicates that Defendant, BRIAN MOORE, has a total offense level of 25 with a criminal history category I. The advisory guideline range is 57 to 71 months. Pursuant to the Rule 11 Plea Agreement, there is no mandatory minimum.

## I. APPROPRIATENESS OF DEVIATING DOWNWARD TO MINIMUM SENTENCE FOR DEFENDANT'S CONVICTIONS

As this Court is aware, in *Booker*, the court held that the sentencing guidelines are only advisory and not mandatory. *United States* v. *Booker*, 543 U.S. 220, 245-46, 125 S. Ct. 738, 756-57 (2005). *Booker* concludes by a 5-4 majority that the guidelines as applied violated a Defendant's Sixth Amendment right to a jury by delegating the power to make factual findings that increased sentences to judges. Moreover, *Booker* states that in addition to the sentencing guidelines, federal courts must also consider factors in 18 U.S.C § 3553(a) when determining the appropriate sentence. *United States* v. *Booker*, 543 U.S. at 304-05, 125 S. Ct. at 767.

Section 3553(a) states that "the court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes" for the sentence imposed. Therefore, the Court is required to review and follow the mandates of 18 U.S.C. § 3553 which provides for various factors to be considered by this court. 18 U.S.C. § 3553(a) sets forth a number of factors that must be considered at sentencing which include: the nature and circumstances of the offense, history and characteristics of the Defendant, the seriousness of the offense; the need to promote respect for the law; provide just punishment; the need to afford adequate deterrence; the need to provide educational or vocational training, medical care, psychiatric and substance abuse treatment, or other correctional treatment; the kinds of sentences available; the sentencing guidelines; any pertinent policy statement; the need to avoid sentencing disparity; and the need to provide restitution and the possibility of rehabilitation.

## II.  MITIGATING FACTORS

There are a number of mitigating factors that Defendant respectfully asks this Court to take into consideration:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant:

    According to the Presentence Report ("PSR"), Defendant was one of the three players involved in a general scheme for the robbery of Sidney Thomas Jewelers located in the State of Connecticut.

A confidential source (CS) identified the Defendant as a person of interest who assisted the other two key players in the robbery of Sidney Thomas Jewelers. The PSR further reflects that Defendant drove from Detroit, Michigan to Stamford, Connecticut in order to help carry-out the robbery of Sidney Thomas Jewelers in Connecticut, which ultimately led to his arrest on March 17, 2015 at his place of residence located in Detroit, Michigan.

The Defendant, BRIAN MOORE, is Twenty-Six (26) years old. He was born out of the relationship between Brian Moore, Sr. and Cheryl Soilberry in Detroit, Michigan. He has an excellent relationship with his mother, Cheryl Soilberry ("Ms. Soilberry"), in which he describes this relationship as "everything". (See PSR, p. 13, ¶ 51). Ms. Soilberry worked for the Michigan Department of Corrections in the mailroom to provide for the family when Defendant was a child. Nonetheless, on October of 2012, Ms. Soilberry became a probation officer.

Defendant's grandmother, who has been in Defendant's life since birth, also helped the family by working as a caregiver for the elderly but she retired at the age of 63. Presently, both Defendant's mother and grandmother, remain completely supportive of the Defendant and are fully aware of this offense.

However, the Defendant's description as to the relationship with his father, Brian Moore Sr. ("Moore Sr."), is not as positive as his relationship with his mother. The PSR report reveals that Moore Sr. was a Marine and according to the Defendant he "was not around much" during his childhood. However, Defendant recalls that his father was

4

always there to discipline him. Presently, Moore Sr. is aware of Defendant's current situation in this instant case but the two of them have not seen each other for approximately six (6) months.

The Defendant has one living half-sibling, one living paternal half-sister and one deceased brother. In 2009, at a party in Detroit, Michigan, Defendant's brother (an innocent bystander) was shot and killed by an individual firing his gun at a crowd of people. As a result of being shot, Defendant's brother, Edward Jones ("Edward"), died at Sixteen (16) years of age. To this day, both the Defendant and his mother Ms. Soilberry, grieve their loss and they are unable to sleep well because Edward's death still haunts them. It is clear that the death of Defendant's younger brother has had a severe negative impact on Defendant's life. The two had built an extremely close relationship and bond.

Unfortunately, this grief caused the Defendant to drop out of college, move back to live with his grandmother and mother in Detroit and turn to drugs and alcohol as a coping mechanism for his pain. In an effort to find some peace and some closure regarding their profound loss, both the Defendant and Ms. Soilberry, attended every day of the murder trial for the death of Edward. The man responsible for Edward's death was found guilty and sentenced to life without parole for Edward's murder. Further, Defendant and his mother accepted Edward's high school diploma posthumously.

Following Edward's death, Defendant was under an extreme amount of stress and pressure to maintain and keep the family-unit together.  In 2012, he hit rock bottom emotionally and mentally — He had thoughts of suicide, fell into a deep depression, but attempted to work his way through all of his problems and issues by receiving professional counseling with Dr. Joel Cohen ("Dr. Cohen").  Currently, Defendant is engaged in individual counseling with Dr. Cohen on a regular basis to help him learn how to cope with his depression and overall stresses in his life through the aid of medication. (See Exhibit A – Letter from Joel M. Cohen, PhD).

The Presentence Report also reflects that the Defendant has a history of substance abuse since the death of Edward, which has adversely affected his ability to cope with society.  This offense is a reflection of his problems with substance abuse, mental and emotional health issues.  Nevertheless, the Defendant has now made a conscious decision to become a productive member of society, by recognizing and accepting his mental and emotional issues.

Defendant also has the unlimited support of his family, friends and members of the community.  His mother, Ms. Soilberry, has been in contact with his defense counsel throughout this legal process.  His family ties and moral support will give the Defendant constant support and positive encouragement.  Attached please find numerous letters of support from family and friends. (See Exhibits B – N, Letters of Support).

Defendant is extremely remorseful and has accepted full responsibility for his actions. Furthermore, Defendant's recent choices regarding his conscious decision to do what is right and committing himself to community service, obtaining and maintaining gainful employment makes him amenable to rehabilitation. In *United States* v. *Collington*, 461 F.3d 805 (6th Cir. 2006), the Court held a lower sentence was sufficient to reflect the seriousness of the crime while allowing for the possibility of reform.

2. The Need for the Sentence Imposed

Defendant acknowledges that there is a need for a sentence to be imposed upon him and certainly recognizes the nature of his crime. Defendant is also aware that there is a need for drug treatment and Defendant requests this Court take into consideration all of his factors, including his past history and current condition, and order him to a comprehensive drug program.

3. The Kinds of Sentence Available

Defendant recognizes that a prison sentence is probable and requests that this Court exercise appropriate discretion. Defendant seeks a minimum term of imprisonment with the hopes of gaining certain types of vocational skills, which will assist him in his future career endeavors.

4. <u>The Kinds of Sentence and the Sentencing Range Established.</u>

   The proposed guidelines are not in dispute and a range of 57-71 months has been calculated. The Court noting that these are advisory <u>only</u>. Nevertheless, Defendant submits that the individual characteristics and nature of the offense as it pertains to him can be satisfied by further downward departure by this Court.

5. <u>Any Pertinent Policy Statements</u>

   Defendant concedes that his involvement in the aiding and abetting of the robbery is wrongful conduct and that the Court may feel it necessary to impose some type of sentence as a matter of policy.

6. <u>The Need to Avoid Un-warranted Sentence Disparities Among Defendants with Similar Records.</u>

   A review of the Presentence Investigation Report shows that there is one Co-Defendant in this matter with a sentencing date that is scheduled for December 4, 2015 and has not been sentenced herein. Additionally, there is another defendant in a related case, Docket Number: 3:15CR00039 (VAB), and sentencing remains pending.

7. <u>The Need to Provide Restitution to Any Victims of the Offense.</u>

Restitution is applicable in this case, but Defendant does not have the means to pay any type of restitution. Defendant stated that he did not benefit financially regarding this case. Defendant has acknowledged his wrongdoing in regard to the instant case and has accepted full responsibility for his actions. He understands that this Court shall impose a prison sentence and requests leniency as the Court deems appropriate considering the facts, circumstances and Defendant's involvement in this case. Defendant respectfully requests that any restitution by Defendant be ordered to be paid jointly and severally between any Co-Defendant associated with this case or any other Defendant(s) arising out of the same facts and circumstances of this case.

WHEREFORE, Defendant, BRIAN MOORE, respectfully requests that this Honorable Court grant his Motion for Downward Departure and sentence him to a minimum term of imprisonment.

Respectfully submitted,

/s/Judith S. Gracey
**(phv07372)**
**JUDITH S. GRACEY**
Attorney for Defendant
31700 West Thirteen Mile Road, Suite 200
Farmington Hills, Michigan 48334
(248) 702-6670
(248) 702-6673 (fax)
judithsgracey@aol.com

Dated: November 6, 2015